# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DONALD L. UBELE, | ) | |
| Movant, | ) | |
| v. | ) | CV416-143 |
| | ) | CR405-012 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Movant Donald Ubele, proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate the Armed Career Criminal Act (ACCA) enhancement applied to his 2006 sentence for possession of a firearm by a convicted felon. Doc. 170;[1] *see* docs. 1 (indictment), 29 (superseding indictment), 70 (jury verdict), 75 (judgment for 262 months' imprisonment). He seeks to exploit the new rule announced in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), and made retroactive by *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), to neutralize the 22-

---

[1] The Court is citing to the criminal docket in CR405-012 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

year enhanced sentence[2] he received for possession of a firearm and ammunition as a career felon. Doc. 170. The Government seeks to dismiss his motion as successive (doc. 181); Ubele has not opposed.

I.  BACKGROUND

This is not Ubele's first rodeo. After judgment was entered on May 22, 2006, he unsuccessfully appealed, *see United States v. Ubele*, 215 F. App'x 971, 972-73 (11th Cir. 2007) (finding, among other things, that his two drug convictions were "separate criminal episodes for purposes of the ACCA because the crimes were successive rather than simultaneous."), and has since repeatedly attempted (unsuccessfully) to challenge his sentence, *see Ubele v. United States*, No. CV412-011; *Ubele v. United States*, No. CV412-136; *Ubele v. Dru*, N.D. Ga. No. CV113-2293. Seizing upon the recent decision in *Johnson*, movant received permission from the Eleventh Circuit to file this habeas challenge, arguing that his prior convictions no longer serve as ACCA predicates. Doc. 170. The Government seeks dismissal of his successive motion, arguing that none of Ubele's claims rest on a "new rule of

---

[2]  Ubele's sentence was enhanced based on his prior conviction for arson in violation of O.C.G.A. § 16-7-60, and two prior convictions for possession of cocaine with intent to distribute in violation of O.C.G.A. * 16-13-30(b).

2

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," doc. 181 at 5 (quoting 28 U.S.C. § 2255(h)(2)), because Ubele's sentence did not rely on the "residual clause" the *Johnson* court held unconstitutional.

## II. ANALYSIS

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla, felon-in-possession convictions fetch a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* held that that "residual clause" violated due process. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" classed as

3

such under the enumerated offenses and elements clauses. *See, e.g.*, *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense"). After *Johnson*, enhancements based on those offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*).

Ubele's enhancement was based on his conviction for arson in the first degree in violation of O.C.G.A. § 16-7-60, *see* doc. 181, Exh. B[3] at 3-4 (indictment charging that Ubele "did knowingly damage a dwelling house . . . by means of fire, without consent of . . . the owner"), 5-6 (plea), 7 (sentencing documents ordering 10 years' imprisonment), and his two convictions for possession with intent to distribute cocaine in violation of O.C.G.A. § 16-13-30(b), *see* doc. 181, Exh. C at 3-4

---

[3] "In determining the nature of a defendant's prior convictions and whether to classify the defendant as an armed career criminal under the ACCA, the sentencing court may rely on *Shepard* [*v. United States*, 544 U.S. 13, 16 (2005)]-approved documents and any undisputed facts in the [PSR]." *In re Hires*, 825 F.3d 1297, 1302 (11th Cir. June 15, 2016) (citing *United States v. McCloud*, 818 F.3d 591, 595, 599 (11th Cir. 2016)); *United States v. Wade*, 458 F.3d 1273, 1277-78 (11th Cir. 2006).

4

(indictment charging Ubele with one count of possession of cocaine (on January 19, 1989) and one count of distribution of cocaine (on January 13, 1989), 5-6 (plea), 7 (sentencing document ordering 10 years for each reduced count of possession with intent to distribute, to be served concurrently). Arson[4] is an enumerated "violent felony,"[5] and possession with intent to distribute cocaine is a serious drug offense[6]

---

[4] Ubele's contention that his arson conviction resulted from an "*Alford*" plea -- where he pled guilty but did not admit the factual underpinnings of the conviction -- also offers no succor. Under Georgia law, an *Alford* plea is "a guilty plea and places the defendant in the same position as if there had been a trial and conviction by a jury." *Morrell v. State*, 297 Ga. App. 59 n. 3 (2009) (quotations omitted), *cited by United States v. Wade*, 551 F. App'x 546, 549 (11th Cir. 2014) (noting that a knowing and voluntary plea, supported by a factual basis, are all that is required for an *Alford* plea "to produce the same collateral consequences as an ordinary guilty plea"). Ubele does not challenge that his arson plea was knowing, voluntary, and supported by a factual basis. It counts.

[5] The ACCA provides that "arson" is a "violent felony for enhancement purposes. 18 U.S.C. § 924(e)(2)(B)(ii). Generic "arson" criminalizes the intentional damaging of a dwelling house, building, or other structure. *See Begay v. United States*, 553 U.S. 137, 144-45 (2008) (the generic versions of the enumerated crimes all "involve purposeful, 'violent,' and 'aggressive' conduct."); *id.* (citing, as an example, one of the Model Penal Code's definition of "arson" as "causing a fire or explosion with 'the purpose of,' *e.g.*, 'destroying a building . . . of another.'"); *United States v. Misleveck*, 735 F.3d 983, 988 (7th Cir. 2013) (defining generic arson as "the intentional or malicious burning of any property, regardless of value or amount of damage"). Georgia arson criminalizes the "knowing" "damaging" of a dwelling house, building, or other structure, O.C.G.A. § 16-7-60, and is therefore properly an enumerated offense under the ACCA. That's one ACCA predicate offense.

[6] Possession with intent to distribute cocaine convictions under Georgia law match the § 924(e) definition of a "serious drug offense" because they are: (1) offenses under state law, (2) for distributing or possessing with intent to distribute a controlled substance, and (3) punishable by a maximum term of imprisonment of ten years or more. 18 U.S.C. § 924(e)(A)(ii); *see* Ga. L. 1980, p. 432, § 1; Ga. L. 1985, p. 149;

5

under the ACCA -- Ubele's three qualifying convictions are not affected in any way by the *Johnson* holding.

It follows that movant cannot rely upon § 2255(h)(2) to permit his indisputably successive filing. Therefore, his motion is procedurally barred and must be **DISMISSED**. Accordingly, the Government's motion to dismiss Ubele's § 2255 motion should be **GRANTED**. For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of

---

*Dennard v. State*, 265 Ga. App. 229, 229 (2004) (cocaine qualifies as narcotic drug); *see also United States v. Safeeullah*, 453 F. App'x 944, 948 (11th Cir. 2012); *United States v. Davies*, 391 F. App'x 822, 825 (11th Cir. 2010). These offenses clearly remain qualifying "serious drug offenses" for ACCA sentence-enhancing purposes.

Ubele's argument that his two drug convictions should not be considered separate offenses, *see* doc. 170 at 10, has already been considered and rejected at sentencing, during his direct appeal, and in his original § 2255 motion. *Ubele*, 215 F. App'x at 973 (determining that the cocaine convictions were temporally distinct crimes); PSR at ¶ 33 (Ubele was charged with distributing cocaine on January 13, 1989, and with trafficking in cocaine on January 19, 1989, and allowed to plead guilty to two counts of possession with intent to distribute cocaine); *see also* doc. 181-2. As set forth by the Eleventh Circuit: "Although the January 13, 1989, and January 17, 1989, crimes were charged in the same indictment and sentenced at the same time, they are two separate criminal episodes for purposes of the ACCA because the crimes were successive rather than simultaneous." *Ubele*, 215 F. App'x at 973. Added to his arson felony, Ubele has the requisite three ACCA predicates for sentencing enhancement.

appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

7

**SO REPORTED AND RECOMMENDED,** this __23rd__ day of March, 2017.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA